UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/09
```

EDWARD SHIPMAN,

                          Plaintiff,

    - against -                                           08 Civ. 10750 (PGG)

BARBETTA RESTAURANT, INC., and
LAURA MAIOGLIO,                                                ORDER

                          Defendants.

PAUL G. GARDEPHE, U.S.D.J.:

       After consultation with counsel for the parties at the August 4, 2009 pretrial conference, this Court adopts the following revised civil case management and scheduling order:

1.     The parties must complete <u>fact</u> discovery no later than **November 30, 2009**.

2.     If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact discovery by November 30, 2009.  Under this Order's interim deadlines, the parties must:

    a.    Serve initial requests for production of documents by **August 31, 2009**.

    b.    Serve interrogatories by **August 31, 2009**.

    c.    Complete depositions of fact witnesses by **November 30, 2009**.

        i.   Unless the parties agree or the Court so orders, the parties may not hold depositions until all parties have responded to initial requests for document production.

        ii.   There is no priority in deposition by reason of a party's status as plaintiff or defendant.

        iii.  Unless the parties agree or the Court so orders, non-party depositions must follow initial party depositions.

        iv.  Consistent with Federal Rule of Civil Procedure 30(d), the parties may not extend depositions beyond one business day without prior leave of the Court.

    d.    Serve requests to admit no later than **October 15, 2009**.

3.     <u>Expert Testimony:</u>  If all parties consent in writing, they may extend the following interim deadlines without application to this Court, provided that the parties complete all expert discovery by November 30, 2009.

a.  Every party-proponent that intends to offer expert testimony in respect of a claim – including any counterclaim, cross-claim or third-party claim – must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by **November 2, 2009**. Every party-opponent of such claim that intends to offer expert testimony in respect of such claim must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by **November 12, 2009**.

b.  No party may offer expert testimony – whether designated as "rebuttal" or otherwise – beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of this Court, application for which must be made no later than **November 19, 2009**. The parties may depose all experts, but such depositions must occur within the time limit set forth for expert discovery.

c.  All expert discovery – including expert depositions, if any – must be completed no later than **November 30, 2009**.

d.  Plaintiff anticipates expert testimony related to accounting.

e.  Defendants have not identified issues on which they anticipate expert testimony.

4.  Settlement: No later than 14 days following the close of discovery, all counsel must meet face-to-face for at least one hour to discuss settlement.

5.  Parties may make post-discovery dispositive motions in accordance with the Court's Individual Practices and the following schedule:

a.  Parties must serve moving papers, if any, by **January 7, 2010**.

b.  Parties must serve opposition papers, if any, by **January 21, 2010**.

c.  Parties must serve reply papers, if any, by **January 28, 2010**.

6.  Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Federal Rule of Civil Procedure 26(a)(3).

7.  Counsel for the parties have conferred and their present best estimate of the length of trial is: **one week**.

8.  At the close of discovery or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the Court will set a Ready Trial Date. At any time on or after the Ready Trial Date, the Court may call the parties to trial upon 48 hours' notice. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts – including, but not limited to, trials and vacations – that would prevent a trial at a particular time. Such notice must come before the Court notifies counsel of an actual trial date, not after counsel receives notification of the actual trial date. Counsel should notify the Court and all other counsel in writing, at the earliest

possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

9.      Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance – signed by all parties – before the Court will remove the case from the trial calendar.  If the parties settle within 48 hours of trial or the filing of a dispositive motion, they <u>must</u> immediately notify the Court of such settlement, and fax to the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

10.     The next status conference is scheduled for **November 3, 2009, at 12:30 p.m.**, in Courtroom 18B of the United States Courthouse, 500 Pearl Street, New York, New York.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend must be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and must be made no less than five (5) days before the expiration of the date sought to be extended.

Dated: New York, New York
      August 4 , 2009

                         SO ORDERED.

                         Paul G. Gardephe
                         United States District Judge